Filed 4/3/14  P. v. James CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DOMINIQUE SHQUNDA JAMES,<br><br>    Defendant and Appellant. | F066355<br><br>(Super. Ct. No. 12CM7119)<br><br>**O P I N I O N** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Poochigian, J., and Franson, J.

A jury convicted appellant, Dominique Shqunda James, of possession of marijuana in a state prison (Pen. Code, § 4573.6), possession of drug paraphernalia in a state prison (Pen. Code, § 4573.6) and possession of drugs in a state prison (Pen. Code, § 4573.8). The court placed appellant on three years' probation.

Appellant argues that the testimony of two prosecution expert witnesses violated her Sixth Amendment confrontation rights because these witnesses, each of whom opined to the jury that the marijuana possessed by appellant was a usable amount, relied on out-of-court statements made by others in forming their opinions. Alternatively, she argues that if this contention is deemed forfeited by her counsel's failure to object on confrontation grounds below, she was denied her Sixth Amendment right to the effective assistance of counsel. We affirm.

**FACTS**

On March 4, 2012, appellant, upon driving into a visitor's parking lot at Corcoran State Prison, encountered Correctional Officer Craig Lane.[1] Shortly thereafter, Lane asked appellant to step out of the car, at which point appellant reached to the area of the center console of the car and handed Lane a "black piece of plastic." Lane looked inside the plastic and saw a green leafy substance, which was later determined to be marijuana, wadded up in the plastic.

Lane further testified to the following: In his 23 years as a correctional officer, he has gained "experience in determining whether something is a usable quantity"[2] through talking to "other correctional officers" and inmates "about what a usable quantity is[.]"

---

[1] Except as otherwise indicated, our factual summary is taken from Lane's testimony.

[2] Throughout the reporter's transcript, the word we spell "usable" appears as "useable." We consider the former spelling preferable, and to avoid confusion, when quoting the transcript we have changed the spelling to "usable."

2

In talking to inmates, Lane would "ask them specifically how much they charge, and what size is sold for those prices." "There is really no training in that specific subject."

Lane opined that the marijuana found in the plastic wrapping was a "usable quantity[.]"

Thomas Sneath testified he is a toxicologist and he has "been working in the field of drug testing since 1972 …." The prosecutor, without objection, "tender[ed] [Sneath] as an expert in the field of forensic analysis of controlled substances."

Sneath further testified to the following: He is familiar with the term "usable quantity" as applied to controlled substances, and he gained that familiarity "over the course of [his] career" from talking to attorneys and to "people [who] work in crime labs," i.e., "[f]orensic scientists, toxicologists doing the testing." He understood the term "usable quantity" of a controlled substance to refer to "an amount that can be manipulated and introduced into the body and used."

Sneath weighed the plastic and the marijuana inside it together and determined their combined weight was 0.66 grams. He opined that ".66 grams of suspected controlled substance is a usable quantity[.]"

## DISCUSSION

In order to establish the offense of possession of a controlled substance, the prosecution must prove, in addition to other elements, that the controlled substance is of a usable quantity. (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242.) As indicated earlier, prosecution expert witnesses Sneath and Lane each (1) opined that the marijuana in appellant's possession was a usable amount, and (2) testified that they learned how to determine what constitutes a usable amount from talking to others over the course of their careers—Sneath by talking to lawyers, forensic scientists and toxicologists, and Lane by talking to inmates and other correctional officers.

3

Based on the testimony of Sneath and Lane as to how they each learned to make a usable amount determination, appellant asserts that the jury heard "detailed hearsay" testimony "that other lab employees and law enforcement officers considered the marijuana found in this case [to be] a usable amount …." Admission of this evidence, appellant argues, violated her rights under the confrontation clause of the Sixth Amendment to the United States Constitution, which "guarantees the accused in criminal prosecutions the right 'to be confronted with the witnesses against him.'" (*People v. Livingston* (2012) 53 Cal.4th 1145, 1158.) Appellant bases this argument in large part on *Crawford v. Washington* (2004) 541 U.S. 36 (*Crawford*). In that case, the United States Supreme Court held that the confrontation clause bars the admission of "testimonial" (*id.* at p. 53) hearsay statements by a declarant who does not appear for cross-examination at trial and who the defendant has not had the opportunity to cross-examine. There is no merit to appellant's contention.[3]

The record contains no support for appellant's assertion that Sneath and Lane testified "that other lab employees and law enforcement officers considered the marijuana found in this case [to be] a usable amount." The two experts testified only that over the course of their careers they *had talked* to the other persons indicated, and that they (Sneath and Lane) gained their knowledge of what constitutes a usable amount of marijuana through these discussions. There was no evidence that any person with whom Sneath and Lane consulted told Sneath and Lane the marijuana appellant possessed was a usable amount. Indeed, there is no evidence at all as to what Sneath and Lane were told about how to determine what constitutes a usable amount of marijuana. As a result, it is

---

[3] Respondent argues that appellant's claim is forfeited on appeal because she failed to object on Sixth Amendment grounds below. We assume without deciding that appellant's claim is properly before us and therefore we need not address respondent's forfeiture argument. For the same reason, we also need not address appellant's alternate claim of ineffective assistance of counsel.

simply impossible to determine if the statements made by others upon which the prosecution experts relied were testimonial. As we explain below, this is fatal to appellant's argument.

In *People v. Lopez* (2012) 55 Cal.4th 569, our Supreme Court held, based on its review of decisions of the United States Supreme Court,[4] that "Although the high court has not agreed on a definition of 'testimonial,' … a statement is testimonial when [the following] critical component[] [is] present. [¶] … to be testimonial the out-of-court statement must have been made with some degree of formality or solemnity. (See *Crawford*, *supra*, 541 U.S. at p. 51 ['An accuser who makes a formal statement to government officers bears testimony .…']; *Melendez–Diaz*, *supra*, 557 U.S. at p. 310 [stressing that each of the laboratory certificates determined to be testimonial was 'a "'solemn declaration or affirmation'"']; *Bullcoming*, *supra*, 564 U.S. at p. ____, [131 S.Ct. at p. 2717] [the laboratory certificate found to be testimonial was '"formalized" in a signed document' that 'referr[e]d to ... rules' that made the document admissible in court]; see also *Davis v. Washington* (2006) 547 U.S. 813, 830, fn. 5, ['formality is indeed essential to testimonial utterance'].) The degree of formality required, however, remains a subject of dispute in the United States Supreme Court. (See, e.g., *Williams*, *supra*, 567 U.S. at p. ____, [132 S.Ct. at p. 2260] (conc. opn. of Thomas, J.) [laboratory report lacked formality because it was 'neither a sworn nor a certified declaration of fact']; *id*. at p. ____, [132 S.Ct. at p. 2276] (dis. opn. of Kagan, J.) [rejecting Justice Thomas's view of formality as granting 'constitutional significance to minutia'].)" (*People v. Lopez*, *supra*, 55 Cal.4th at pp. 581-582.)

---

[4] The court listed *Crawford*, *supra*, 541 U.S. 36, *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305 (*Melendez-Diaz*), *Bullcoming v. New Mexico* (2011) 564 U.S. ____, 131 S.Ct. 2705 (*Bullcoming*), and *Williams v. Illinois* (2012) 567 U.S. ____, 132 S.Ct. 2221 (*Williams*).

Here, given that there was no evidence of the content of, or the circumstances surrounding, any of the out-of-court statements upon which Sneath and Lane relied in forming their opinions, and, indeed, no evidence on this subject other than that some statements were made, the degree of formality and solemnity of those statements cannot be determined.  And we cannot presume that the statements in question were testimonial. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [appellant bears the burden of affirmatively showing error].)  Therefore, appellant's claim fails.

## DISPOSITION

The judgment is affirmed.